**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHRISTOPHER JONES,

       Plaintiff,

v.                                                    No. 13cv0354 RB/LAM

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA, a foreign
Corporation doing business in New Mexico,

       Defendant.

# ORDER DENYING DEFENDANT'S MOTION TO COMPEL

**THIS MATTER** is before the Court on *Defendant's Motion to Compel and Memorandum in Support (Doc. 44)*, filed January 31, 2014. Plaintiff filed a response to the motion on February 28, 2014 [*Doc. 53*], and Defendant filed a reply on March 26, 2014 [*Doc. 59*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **DENIED.**

In his complaint, Plaintiff seeks underinsured motorist benefits for injuries sustained in an accident. [*Doc. 1-1*]. In its motion to compel, Defendant moves the Court for an order compelling Plaintiff to supplement his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) and to supplement his answers to Interrogatory Nos. 4, 13 and 16 and Request for Production Nos. 7 and 8. [*Doc. 44* at 1]. Defendant contends that Plaintiff's initial disclosures and responses to discovery requests should be supplemented because Plaintiff is now seeking recovery of damages for loss of earning capacity and/or loss of future earnings caused by his

1

injuries, even though Defendant contends that those claims were not included in Plaintiff's complaint. *Id.* at 2-3. Defendant states that its retained expert witness has identified sources of information that are available to Plaintiff that could support Plaintiff's claim for loss of earning capacity, but that this information has not been provided to Defendant. *Id.* at 3-4. Defendant states that its counsel wrote to counsel for Plaintiff on January 8, 2014 asking Plaintiff's counsel to correct the deficiencies in Plaintiff's initial disclosures and discovery responses, but that Plaintiff's counsel's response to that letter did not disclose the information sought by Defendant. *Id.* at 4. Specifically, Defendant asks for Plaintiff to: (1) supplement his initial disclosures by providing a computation of damages for loss of earning capacity or loss of future earnings, and by providing the documents and evidentiary materials upon which that calculation is based (*id.* at 6-7); (2) provide Defendant with the precise amount of gross earnings claimed on Plaintiff's tax returns for the years 2008 through 2012 in response to Interrogatory No. 4 (*id.* at 8); (3) provide a detailed and full calculation or computation of the amount of damages that Plaintiff believes will reasonably compensate him for loss of earning capacity and loss of future earnings in response to Interrogatory Nos. 13 and 16 (*id.* at 10); (4) provide documents and evidentiary support for Plaintiff's loss of earning capacity and loss of future earnings claim in response to Request for Production Nos. 7 and 8 (*id.* at 13).

In response, Plaintiff states that he was unable to provide all of the requested information to Defendant between the date he received Defendant's letter and when Defendant filed its motion to compel, and that Plaintiff has continued to supplement his discovery responses and initial disclosures. [*Doc. 53* at 1-2]. Plaintiff states that he has "produced all documents in his

possession, and has given blanket releases to get documentation from whatever sources it deems appropriate," and that Plaintiff's "lost wage claim is largely based on the testimony of the parties, including the Plaintiff, Plaintiff's medical expert, Dr. Harvie, and Defendant's own 'expert' on military documentation, Mr. Herbel."  *Id.* at 2.  Plaintiff also contends that Defendant did not confer in good faith prior to filing its motion to compel, in violation of the Court's local rules.  *Id.* at 3-4.  Plaintiff further contends that Defendant delayed in seeking supplemental discovery, waiting 201 days after Plaintiff's initial disclosures and 168 days after Plaintiff's discovery responses to seek supplemental information.  *Id.* at 4.  In addition, Plaintiff states that Defendant had notice of Plaintiff's future lost wage claim because Plaintiff made a claim for lost wages in his Complaint.  *Id.* at 11.

Despite these objections to Defendant's motion to compel, in Plaintiff's response to Defendant's motion to compel, Plaintiff states that he provided through supplemental answers to Defendant's discovery requests (and attaching Exhibit 11: Supp. Ans. Roggs 13 and 14, filed February 28, 2014) "the calculation of his lost wage claim for inability to be promoted through a basic calculation based on information from the public record."  *Id.* at 13.  Plaintiff then provides two different calculations of his lost future wages, with citation to the sources he used to make the calculations, in response to Interrogatory No. 13 and Request for Production Nos. 7 and 8.  *Id.* at 13-18.  Plaintiff states that he "has no other documentation, testimony, or other information responsive to Interrogatories 4, 13, 16, or Requests for Production Nos. 7 or 8, nor does he have any additional information to supplement his Initial Disclosures."  *Id.* at 15.  Plaintiff states that he has produced his W-2 tax information and has produced releases so Defendant can

independently obtain whatever further military, medical or tax documentation it requires.  *Id.*  Plaintiff further contends that Defendant's expert is not credible because many of the documents the expert claimed were unavailable to Defendant were either already in Defendant's possession or Plaintiff provided releases for the information.  *Id.* at 19-22.  Finally, Plaintiff contends that Defendant has failed to specify what information it believes Plaintiff has not produced and asserts that he has supplemented his Initial Disclosures and Interrogatory Nos. 4 and 6.  *Id.* at 22-24.

In its reply, Defendant states that it has known since July 23, 2013 that Plaintiff is seeking recovery for lost earning capacity or lost future wages.  [*Doc. 59* at 1].  Defendant states that, despite Plaintiff's supplemental disclosures, Plaintiff's disclosures "remain inadequate."  *Id.* at 2.  Defendant further states that it is entitled to recover its fees and costs incurred in the filing of this motion.  *Id.* at 3.  Defendant asks the Court to require Plaintiff to supplement his discovery responses as detailed in Defendant's motion to compel.  *Id.*

The Court's local rules require that a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."  D.N.M. LR-Civ. 7.1(a).  Here, Defendant states that it sent a letter to Plaintiff's counsel on January 8, 2014 asking Plaintiff's counsel to correct the deficiencies in Plaintiff's initial disclosures and discovery responses, and that Plaintiff's counsel provided some supplemental information to Defendant on January 9, 2014.  [*Doc. 44* at 4].  Defendant states that this supplemental information was inadequate and that "Defendant has therefore made a good faith effort to reach a resolution of this discovery dispute prior to the filing of this Motion to Compel."  *Id.*  Defendant does not attach to its motion a copy of the letter it sent to Plaintiff's

4

counsel on January 8, 2014 which it contends constitutes a good-faith request for concurrence under Local Rule 7.1(a). Regardless, Defendant does not state in its motion to compel that it asked for Plaintiff's concurrence in the motion prior to filing it, which is required by Local Rule 7.1(a). Therefore, the Court finds that Defendant failed to satisfy Local Rule 7.1(a) because it failed to attempt to determine whether its motion to compel would be opposed, and Defendant's motion to compel should be summarily denied for that reason.

Furthermore, the Court notes that Defendant's motion to compel is untimely under the Court's local rules. Local Rule 26.6 states that a party served with objections to an interrogatory or request for production must proceed under Local Rule 37.1 within twenty-one (21) days after service of an objection. Defendant, however, waited more than six months after service of Plaintiff's responses to Defendant's discovery requests to file its motion to compel. *See* [*Doc. 44* at 2] (stating that Plaintiff's discovery responses were served on Defendant on July 23, 2013). Therefore, the Court finds that Defendant's motion should be denied for this reason as well.

In addition to finding that Defendant has failed to comply with Local Rule 7.1(a) and that its motion is untimely under Local Rule 26.6, the Court finds that Defendant's motion to compel should be denied because it appears to be moot. Even though Defendant states in its reply that Plaintiff's supplemental disclosures are inadequate, Defendant fails to set forth any specific information that it still requires with regard to Plaintiff's claim for damages for loss of future earnings. Defendant asked Plaintiff to provide a computation of damages for loss of earning capacity or loss of future earnings and the documents and the evidentiary materials upon which that calculation is based, and to provide Defendant with the precise amount of gross earnings

claimed on Plaintiff's tax returns for the years 2008 through 2012.  See [*Doc. 44* at 6-13]. Plaintiff provided two different calculations of his lost future wages, with citation to the sources he used to make the calculations (*Doc. 53* at 13-15), and Plaintiff stated that he has produced his W-2 tax information and releases for any additional tax documentation Defendant wishes to obtain (*id.* at 15).  Plaintiff states that he "has no additional documents or information in his possession that the Defendant claims it is entitled to in order to evaluate Plaintiff's damages in this case."  *Id.* Defendant fails to state what specific information or documentation it still needs to evaluate Plaintiff's claim for lost future earnings.  Therefore, the Court finds that Defendant's motion should be denied because it appears to be moot.

Finally, with regard to Defendant's request for its fees and costs incurred in the filing of its motion to compel, the request is improperly made in Defendant's reply brief (*Doc. 59* at 3), and, therefore, the Court will not address it.  See D.N.M. LR-Civ. 7.1(a) ("A motion must be in writing and state with particularity the grounds and the relief sought.").  Furthermore, new requests for relief raised for the first time in a reply brief deny the opposing party an opportunity to respond and, therefore, the Court does not consider them.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, ***Defendant's Motion to Compel and Memorandum in Support*** *(Doc. 44)* is **DENIED.**

**IT IS SO ORDERED.**

*[signature]*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**